119 N.J. Super. 375 (1972)
291 A.2d 840
STATE TROOPERS FRATERNAL ASSOCIATION, INC., A CORPORATION OF THE STATE OF NEW JERSEY, STANLEY HETMAN, ROBERT BABIAK, AND THOMAS ISKRZYCKI, PLAINTIFFS-APPELLANTS,
v.
STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF STATE POLICE AND STATE OF NEW JERSEY, DEPARTMENT OF CIVIL SERVICE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1972.
Decided June 7, 1972.
Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
Mr. Frank J. Miele argued the cause for appellants, (Riker, Danzig, Scherer & Brown, attorneys; Gerald A. Liloia, of counsel; William C. Dodd, on the brief).
Mr. Theodore A. Winard, Deputy Attorney General, argued the cause for respondents (Mr. George F. Kugler, Jr., Attorney General, attorney).
*376 PER CURIAM.
We concur in the finding and determination of the trial judge that the members of the State Police are excluded from the classified service, substantially for the reasons set forth in the opinion of Judge Seidman.
On this appeal, the plaintiffs also argue the constitutional issue of improper delegation of legislative authority. Although this issue was not raised below and, consequently, there is some doubt that it should be considered at this stage of the proceedings, Deerfield Estates, Inc. v. East Brunswick, 60 N.J. 115 (1972), we nevertheless will consider and dispose of the issue on the merits.
A review of the legislation discloses no delegation of legislative authority whatever. But, even assuming a delegation of legislative authority, the delegation is accompanied by adequate standards. Motyka, et al. v. McCorkle, et al., 58 N.J. 165 (1971); Schierstead v. City of Brigantine, 20 N.J. 164 (1955).
So far as concerns procedural safeguards, they necessarily inhere in the ready availability of judicial supervision and review whenever lack of fairness in the performance of the administrative procedure is asserted. Burton, et al. v. Sills, 53 N.J. 86, 91 (1968).
Affirmed.